**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

KANESHA MILES o/b/o S.A.M., a minor,

    Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,[1]

    Defendant.

Case No. 12CV-196-FHM

## OPINION AND ORDER

Plaintiff, Kanesa Miles on behalf of SAM, a minor, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,*

---

[1] Effective February 14, 2013, pursuant to Fed. R. Civ. P. 25(d)(1), Carolyn W. Colvin Acting Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff's May 6, 2009, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held May 12, 2010. By decision dated June 21, 2010, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on February 10, 2012. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Sequential Evaluation for Child's Disability Benefits

The procedures for evaluating disability for children are set out at 20 C.F.R. § 416.924(a).  The first step is to determine whether the child is performing substantial gainful activity.  If not, the next consideration is whether the child has a "severe" mental or physical impairment.  A "severe" impairment is one that causes more than minimal functional limitations.  If a "severe" impairment is identified, the claim is reviewed to determine whether the child has an impairment that: 1) meets, medically equals, or functionally equals the listings of impairments for children;[3] and 2) meets the duration requirement.

If the child does not have impairments of a severity to meet a listing, the severity of the limitations imposed by impairments are analyzed to determine whether they functionally

---

[3] The listings describe, for each of the major body systems, medical findings which are considered severe enough that they represent impairments which presumptively demonstrate disability. 20 C.F.R. Pt. 404, Subpt. P, App.1.

equal a listing. Six broad areas of functioning, called domains, are considered to assess what a child can and cannot do. Impairments functionally equal a listing when the impairments result in "marked" limitations in two domains or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a. The six domains are: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). A limitation is "marked" when it interferes seriously with the ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2)(i). An "extreme" limitation interferes very seriously with the ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3)(i).

## Background

Plaintiff[4] was a preschooler on the date the application for Supplemental Security Income was filed and a school-age child on the date of the ALJ's denial decision. Plaintiff claims to be disabled since birth as a result of bladder exstrophy, a congenital bladder deformity which results in bladder incontinence and related rashes.

## The ALJ's Decision

The ALJ analyzed the record with regard to the six domains of functional equivalence and determined that Plaintiff has: no limitation in acquiring and using information; less than marked limitation in attending and completing tasks; no limitation in interacting and relating with others; no limitation in moving about and manipulating objects; a marked limitation in the ability to care for herself; and less than marked limitation in

---

[4] For the sake of convenience and ease of reading, the court refers to the child as Plaintiff.

health and physical well-being. Since Plaintiff does not have an impairment or combination of impairments that results in either marked limitations in two domains of functioning or an extreme limitation in one domain of functioning, the ALJ determined that Plaintiff is not disabled as defined in the Social Security Act.

## Plaintiff's Allegations

Plaintiff asserts that the ALJ: failed to perform a proper credibility determination; failed to properly consider the medical source or other source evidence; and failed to properly evaluate the functional equivalence of meeting a listing.

## Analysis

The ALJ's decision must demonstrate that the ALJ adhered to the correct legal standards in reaching the decision. Where the ALJ does not identify *and discuss* the evidence upon which he relies, the Court cannot meaningfully review the ALJ's determination. *See, e.g., Clifton,* 79 F.3d at 1009 (holding "[i]n the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion," and thus the ALJ's unexplained conclusion was "beyond meaningful review"); *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir.1995) (holding ALJ's listing of factors he considered was inadequate when court was "left to speculate what specific evidence led the ALJ to [his conclusion]"). "Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Washington v. Shalala,* 37 F.3d 1437, 1437 (10th Cir. 1994) (quotations omitted).

The undersigned finds that the Commissioner's decision must be reversed and the case remanded because the ALJ did not provide an appropriately detailed analysis of the reasons for his conclusions about the six domains of functional equivalence or for the credibility decision.

The entirety of the ALJ's discussion of Plaintiff's mother's testimony and his assessment of her credibility follows:

> The claimant's mother prepared the Function Report and remarked that the claimant "has a problem meeting new kids because of her condition, she has to wear pull-ups at all times and always says how she's embarrassed." She also reported the claimant was often embarrassed when it was time to change her pull-up so she has a problem staying dry. If the clamant were to have the surgery recommended, she would be affected for the rest of her life due to relying on manually emptying her bladder every 4 hours (Exhibits 3E, 6E, 10E, and 11E). The undersigned has considered the evidence regarding the claimant's functional capacities, in relation to the reports completed by the claimant's mother. The undersigned has considered that the possibility always exists that a relative may express an opinion in an effort to assist a claimant with whom he or she sympathizes for one reason or another.

[R. 27]. The ALJ in this case did not actually make a credibility determination. Reading the foregoing paragraph, the court cannot tell whether the ALJ believed or disbelieved the testimony or what effect the testimony had on his disability decision. On remand the ALJ should perform a proper analysis of the credibility of Plaintiff's mother's testimony and should also discuss his consideration of the letters submitted on behalf of Plaintiff by her aunt and grandmother.

There are two Childhood Disability Evaluation forms in the record which were completed by state Disability Determination Service (DDS) experts who examined the record and rendered opinions about whether Plaintiff met the requirements for functional

equivalence of a listed impairment. [R. 187-192; 193-198]. The ALJ noted the existence of those opinions and stated he gave great weight to those opinions, but failed to say anything about the content of those opinions. [R. 27]. In making findings about the six domains of functional equivalence, the ALJ stated his conclusions, but for three of the domains, the ALJ made no reference to any part of the record to support his conclusions. [R. 28, 30, 31]. In one of those domains, interacting and relating with others, Plaintiff argues that the evidence supports a finding that she has a marked limitation. [R. 29, 32]. The evidence that Plaintiff argues supports a marked limitation is evidence that the ALJ did not discuss. For two of the other three remaining domains, the ALJ referred generally to school records and teacher comments which are not otherwise discussed or noted in the decision. On remand, the ALJ is required to more fully discuss the evidence related to his conclusions.

## Conclusion

The Court finds that the ALJ failed to identify and discuss the evidence upon which he relied for his conclusions with respect to the credibility of Plaintiff's mother and his findings about the six domains of functional equivalence. The Commissioner's denial decision is therefore REVERSED and the case REMANDED for further proceedings.

SO ORDERED this 1st day of July, 2013.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

6